NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE FRANCISCO JAVIER ARRIOLA-CABALLERO; MA GUADALUPE MENDOZA-RUIZ,

  Plaintiffs - Appellants,

v.

VERMEER MANUFACTURING COMPANY; RDO EQUIPMENT CO.; PETER L. RICHARDS; BETTE J.M. RICHARDS,

  Defendants - Appellees.

No. 25-4044

D.C. No.
3:24-cv-02008-IM

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 2, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.
Dissent by Judge DESAI.

Plaintiffs Jose Francisco Javier Arriola-Caballero and Ma Guadalupe

Mendoza-Ruiz appeal the district court's order denying their motion to remand and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismissing their claims against defendants Peter and Bette Richards (the "Richards"). The Richards are Oregon citizens. Plaintiffs sued in Oregon state court, asserting Oregon state-law and common law claims arising from personal injuries Arriola-Cabellero sustained while removing trees on the Richards' property. Defendant Vermeer Manufacturing Company, against whom Plaintiffs also brought a products liability claim, removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The district court denied Plaintiffs' motion to remand, holding that the Richards were fraudulently joined. *See id.* § 1441(b)(2) (barring removal if any defendant is a citizen of the state in which the action was brought). We have jurisdiction under 28 U.S.C. § 1291 and review de novo denial of a motion to remand, including a finding of fraudulent joinder. *See United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). We affirm.

1. "Although an action may be removed to federal court only where there is complete diversity of citizenship, one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation modified). To establish fraudulent joinder, a defendant must show that a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339

(9th Cir. 1987). Plaintiffs asserted state-law claims against the Richards under common law, Oregon's Employer Liability Law ("ELL"), and the Oregon Safe Employment Act ("OSEA"). Because the legal insufficiency of these claims is "obvious" under settled Oregon law, the district court did not err in determining that the Richards were fraudulently joined. *See id.*

2.     To be liable under either the ELL or OSEA, the Richards must be "employers," "owners," or "indirect employers." *See* Or. Rev. Stat. § 654.305. The complaint concedes that Arriola-Caballero's employer was Inexpensive Tree Care ("ITC"), which directed him to perform work at the Richards' home. The Richards are thus plainly not "employers."

The complaint alleges that the Richards are "owners" because they had "ownership, control or custody of any place of employment or of the construction, repair or maintenance of any place of employment." Or. Rev. Stat. § 654.005(6). But a "[p]lace of employment does not include . . . [a]ny place where the only employment involves nonsubject workers employed in or about a private home." *Id.* § 654.005(8)(b)(A). A nonsubject worker includes "[a] worker employed to do gardening, maintenance, repair, remodeling or similar work in or about the private home of the person employing the worker." *Id.* § 656.027(2). Because Plaintiffs allege that the Richards hired ITC to remove trees around their private home, Arriola-Caballero was a nonsubject worker and the Richards are not "owners" under

3                                                                                    25-4044

settled Oregon law. *Compare Royer v. Touch of Grey Ranch*, 369 P.3d 1226, 1227–30 (Or. Ct. App. 2016) (holding that a worker who logged trees with a chainsaw and mini-sawmill on residential property was a nonsubject worker), *with Brown v. Boise-Cascade Corp.*, 946 P.2d 324, 327, 335–38 (Or. Ct. App. 1997) (holding that owner of a commercial property could be liable under OSEA for injuries sustained by employee of independent contractor).

3.      Nor are the Richards "indirect employers" of Arriola-Cabellero under the ELL.[2] *See* Or. Rev. Stat. § 654.305; *Yeatts Whitman v. Polygon Nw. Co.*, 379 P.3d 445, 451 (Or. 2016) (explaining that "in addition to a worker's direct employer, liability under the ELL can be imposed on an indirect employer"). An "indirect employer" "(1) is engaged with the plaintiff's direct employer in a common enterprise; (2) retains the right to control the manner or method in which the risk-producing activity was performed; or (3) actually controls the manner or method in which the risk-producing activity is performed." *Yeatts Whitman*, 379 P.3d at 451 (citation modified). The complaint alleges in conclusory terms that the Richards were "engaged in a common enterprise" with ITC, were "in charge of and responsible for work" performed by Arriola-Caballero, and "retained the right of

---

[2]     To the extent Plaintiffs seek to hold the Richards liable as indirect employers under OSEA, they cannot state a claim. An indirect employer is not subject to liability under OSEA. *See German v. Murphy*, 932 P.2d 580, 584 (Or. Ct. App. 1997) (concluding that OSEA's coverage does not extend to indirect employees).

control" over his work, but provides no factual allegations in support of those legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also George v. Myers*, 10 P.3d 265, 269 (Or. Ct. App. 2000) (holding that defendant property owner was not liable as indirect employer in the absence of evidence that he exercised or retained control over the method or manner of the risk-producing work).

Moreover, the Richards submitted declarations stating that they "did not direct or instruct ITC or its employees with respect to any of the work performed at [their] home, other than hiring ITC for the overall tasks" of removing trees. Plaintiffs did not contest the declarations. Although a defendant's "sworn denial[] of allegations does not prove their falsity," *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 551 (9th Cir. 2018), we have explained that a defendant challenging remand is entitled to present facts demonstrating fraudulent joinder, *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001) (finding fraudulent joinder where a plaintiff's sworn declaration contradicted allegations in the complaint that were "devoid of any meaningful specificity"). Here, the complaint expressly alleges that ITC, not the Richards, "directed" and "instructed" Arriola-Caballero "to load bucked wood from a felled tree into a truck trailer using [the] employer's Mini Skid Steer." Plaintiffs' failure to state a claim against the Richards as "indirect

employers" under the ELL is therefore "obvious." *See McCabe*, 811 F.2d at 1339.

4.    Plaintiffs also assert a common-law negligence claim against the Richards. The Oregon Supreme Court has explained "that a person's liability in negligence for work involving a risk or danger is generally no more extensive than his or her liability for that work under the ELL." *Boothby v. D.R. Johnson Lumber Co.*, 137 P.3d 699, 705 (Or. 2006); *see also Howard v. Foster & Kleiser Co.*, 332 P.2d 621, 629 (Or. 1958) (holding that if a plaintiff cannot recover under the ELL "it follows that [no recovery] is available under the common-law rule of due care"). Because we conclude that there is no possibility of recovery against the Richards under the ELL, Plaintiffs' common law negligence claim also fails.

5.    Finally, Plaintiffs assert a cause of action for premises liability. Oregon law requires landowners to warn business invitees of latent dangers and protect against dangers "in the condition of the premises" about which the landowner knows or should reasonably know. *Walsh v. C&K Mkt., Inc.*, 16 P.3d 1179, 1181 (Or. Ct. App. 2000); *Appleyard v. Port of Portland*, 492 P.3d 71, 79 (Or. Ct. App. 2021). But Plaintiffs do not allege injuries arising from the condition of the premises, instead they assert that Arriola-Caballero was injured by an allegedly defective mini skid steer owned by ITC.[3]

---

[3]    Because the loss of consortium claim is derivative of the other claims against the Richards, it also fails.

6                                                          25-4044

**AFFIRMED**.

FILED

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DESAI, Circuit Judge, dissenting:

The majority's decision in this case departs from our court's stringent fraudulent joinder standard and moves further away from the Supreme Court's fraudulent joinder precedents, which "concerned only whether the plaintiff avoided federal diversity jurisdiction by bad faith or actual fraud" and did not "turn on the strength of the claims on the merits." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 437 (2026) (Thomas, J., concurring). Time and again, we have declined to graft Rule 12(b)(6) standards onto our fraudulent joinder test, and we have cautioned against delving into the viability of plaintiffs' claims. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018). But today's majority decision casually holds that the Richards defendants were fraudulently joined because, in the majority's estimation, plaintiffs are unlikely to succeed on the merits of their claims. The majority's "Rule 12(b)(6)-type analysis," which exceeds Congress's limits on federal courts' diversity jurisdiction, misses the mark. *Hain Celestial Grp., Inc.*, 607 U.S. at 436–37. The proper inquiry is whether Vermeer satisfied its "heavy burden" to establish that the Richards defendants were fraudulently joined. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). It did not. Because Vermeer failed to show by clear and convincing evidence that there is not even "a possibility that a state court would find that [plaintiffs'] complaint states a cause of action" against

1

the Richards defendants, *Grancare, LLC*, 889 F.3d at 548 (citation modified), I respectfully dissent.

Our precedent is clear that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). Indeed, courts address fraudulent joinder to determine whether they have subject matter jurisdiction—a question that must be answered "before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). Thus, even if a claim fails under Rule 12(b)(6), that does not mean a defendant was fraudulently joined. *Grancare, LLC*, 889 F.3d at 549–50.

Here, the majority veers into a "Rule 12(b)(6)-type analysis" to conclude that plaintiffs' state law and common law negligence claims are obviously non-actionable under settled Oregon law. For example, the majority relies on *Royer v. Touch of Grey Ranch*, 369 P.3d 1226 (Or. Ct. App. 2016) and *George v. Myers*, 10 P.3d 265 (Or. Ct. App. 2000) to conclude that the Richards defendants are not liable as "owners" or "indirect employers" for work performed by Arriola-Caballero at their private home. But the majority does not—and cannot—cite to any authority that conclusively bars plaintiffs' claims against the Richards defendants. And although the case law arising under the Oregon Safe Employment Act ("OSEA") and Oregon's Employers' Liability Law ("ELL") is stacked against plaintiffs, it is

2

not "obvious" that plaintiffs failed to state a viable claim. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Indeed, there are some instances where a defendant property owner can be liable under Oregon law. *See Brown v. Boise-Cascade Corp.*, 946 P.2d 324, 335–38 (Or. Ct. App. 1997). And as plaintiffs argue in their opening brief, "[a]n Oregon state court may reasonably conclude that creating a complete exemption for dangerous work at private residences would undermine the ELL's fundamental goal of protecting workers from foreseeable hazards."

The majority also takes issue with plaintiffs' vague and seemingly inconsistent allegations that the Richards defendants controlled the work performed at their private home. To be sure, plaintiffs' complaint is not a model of clarity as to allegations of control, but construed liberally, it puts the issue of control in dispute. *See Hunter*, 582 F.3d at 1044 ("A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." (*quoting Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Moreover, mere deficiencies in the pleadings do not alone establish fraudulent joinder. *See Grancare, LLC*, 889 F.3d at 550.

To establish fraudulent joinder, the removing party must show by clear and convincing evidence that plaintiffs "fail[] to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."

3

*McCabe*, 811 F.2d at 1339. Here, the majority's substantive analysis of the issue of control exceeds what is permissible in this procedural posture. *Hunter*, 582 F.3d at 1044 ("[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." (citation modified)). And where there is any ambiguity, it should be resolved in favor of remand to state court. *Id.* at 1042 ("The strong presumption against removal jurisdiction means . . . that the court resolves all ambiguity in favor of remand to state court.") (citation modified); *see Grancare, LLC*, 889 F.3d at 550 ("The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" (citation modified)).

Today's majority decision improperly shifts the burden to plaintiffs to establish that they have stated a viable claim rather than holding the removing party to their heavy burden to show fraudulent joinder. Because plaintiffs' pleadings, construed liberally, raise even the mere possibility of a viable claim against the Richards defendants, the majority errs by holding that the Richards defendants were fraudulently joined.

I respectfully dissent.

4